Dear Mr. Long:
You have indicated that an administrative emergency exists due to the resignation of the City Manager, Finance Director and Office Manager, for the City of Donaldsonville. Your question is whether a member of the Municipal Council may serve as City Manager which is an appointive position under the Donaldsonville City Charter and whether the emergency permits non-compliance with the municipal code and the dual officeholding laws.
Our response is in the negative. The simultaneous holding of membership on the council and city office or employment are prohibited by Section 2-05 of the Donaldsonville Code although the Council could repeal this ordinance. Furthermore, LSA-R.S.42:63 prohibits a person who holds office in a political subdivision from holding, at the same time, a full-time appointive office, or any employment whether full-time or not, in the same political subdivision. The only exception to the prohibition is found in LSA-R.S. 42:55C which is inapplicable because it pertains to municipalities under the Lawrason Act and Donaldsonville is a home rule charter municipality.
The distinction between an appointive office and an employment is that the appointive office is a position that is established or specifically authorized by the constitution, statutes or a home rule charter. We do not know whether the Donaldsonville Home Rule Charter establishes or authorizes the city manager position; however if it does so, an additional incompatibility problem is posed by LSA-R.S. 42:64A(1) which prohibits the incumbents of the council from appointing a council member to an appointive office.
Finally, we are aware of no exemption from the dual officeholding provisions where an emergency exists.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________ KENNETH C. DEJEAN GENERAL COUNSEL